IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN PHILLIPS, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-3297 |
| | § | |
| LESCO LOGISTICS, LLC, | § | |
|  Defendant. | § | |

**MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 26] filed by Defendant Lesco Logistics, LLC ("Lesco").[1] Plaintiff Melvin Phillips filed a Response [Doc. # 29], Lesco filed a Reply [Doc. # 31], and Plaintiff filed a Surreply [Doc. # 32]. Following additional discovery, Defendant filed a Supplement [Doc. # 36], Plaintiff filed a Supplemental Response [Doc. # 38], and Defendant filed a Supplemental Reply [Doc. # 39].

The Court has carefully reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **grants** Defendant's Motion.

---

[1]  Also pending is Plaintiff's Motion for Notice to Potential Class Members ("Motion for Notice") [Doc. # 20]. Because Lesco's Motion for Summary Judgment will be granted, Plaintiff's Motion for Notice will be denied as moot.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff worked as a driver for Defendant from August 2004 until September 2005. Plaintiff alleges that he was paid a straight hourly wage for all hours he worked, including those in excess of forty hours per week.

Plaintiff, on behalf of himself and all other similarly situated Lesco employees, filed this lawsuit in October 2006. In his Complaint, Plaintiff alleges that Defendant's failure to pay its employees overtime compensation violated the FLSA. In its Answer [Doc. # 8] and in its Motion for Summary Judgment, Defendant asserts the Motor Carrier Act exemption to the FLSA, 29 U.S.C. § 213(b)(1), as an affirmative defense.

Defendant's Motion has been fully briefed, and the parties have conducted discovery on the Motor Carrier Act exemption. The Motion is ripe for decision.

II.   **STANDARD FOR SUMMARY JUDGMENT**

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The facts and the inferences to

be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

### III.  FLSA AND THE MOTOR CARRIER ACT EXEMPTION

The FLSA requires employers to pay their employees for work in excess of forty hours per week at a rate not less than one and one-half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a)(1). There are, however, several exemptions. One such exception, the Motor Carrier Act exemption contained in Section 13(b)(1), exempts from the FLSA's overtime requirements those employees for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service. *See* 29 U.S.C. § 213(b)(1). The § 13(b)(1) exemption is construed

narrowly against the employer. *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). Additionally, the employer has the burden to prove that the exemption applies. *Id.* at 394

For the Secretary of Transportation to have regulatory authority and for the Motor Carrier Act exemption to apply, the defendant "motor carrier must be engaged in interstate commerce, which requires *either* the actual transport of goods across state lines *or* the intrastate transport of goods in the flow of interstate commerce." *Barefoot v. Mid-America Dairymen, Inc.*, 826 F. Supp. 1046, 1049 (N.D. Tex. 1993) (citing *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir. 1976)). The Department of Transportation ("DOT") has authority over drivers who regularly travel across state lines or who "reasonably are expected to do interstate driving." *Friedrich v. United States Computer Servs.*, 974 F.2d 409, 417 (3rd Cir. 1992); DOT Notice of Interpretation, 46 Fed. Reg. 37,902, 87,903 (1981) (DOT has jurisdiction over "a driver who is called on, *or is subject to being called on*, to drive in interstate commerce as part of the driver's regular employment . . .."). If the driver is subject to driving interstate routes, the Motor Carrier exemption applies. *See Garcia v. Fleetwood Limousine, Inc.*, 2007 WL 527952, *5 (M.D. Fla. Feb. 14, 2007). The Secretary of Transportation has the authority to regulate the hours of employees who work for a motor carrier that provides transportation in interstate commerce and "whose work

activities affect the safety of operation of that motor carrier." *Vaughn v. Watkins Motor Line, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002).

In this case, the uncontroverted evidence establishes that Lesco is a motor carrier subject to the jurisdiction of the Secretary of Transportation. Lesco is a common carrier with 48-state authority with an Interstate Commerce Commission ("ICC") number and a DOT number. Each driver hired by Lesco is required to comply with the DOT Federal Motor Carrier Safety Act, including drug screening. Each driver may be required to drive goods across state lines and must be qualified to do so. It is undisputed that the majority of Lesco's drivers regularly travel in interstate commerce across state lines. Of those drivers such as Plaintiff who are assigned to deliver goods for Carrier Corporation, approximately half regularly travel across state lines and all are subject to being given an interstate assignment.

The uncontroverted evidence also shows that Plaintiff and other Lesco drivers were required to engage in activities that affect the safety of Lesco's operation. Plaintiff concedes that he and other Lesco drivers were required to perform "daily routine pre-trip inspections" of the vehicles – large trucks that are driven on public roads, including interstate highways – to ensure safe operation. *See* Plaintiff's Affidavit, Exh. A to Plaintiff's Surreply [Doc. # 32], ¶ 2. Lesco drivers are required

to complete Vehicle Inspection Reports and to maintain DOT logs.[2] It is undisputed that Lesco was audited by the DOT in 2001 and, more recently, in October 2006.

The uncontroverted evidence in the record establishes that Lesco is a motor carrier that transports goods in interstate commerce and is subject to the jurisdiction of the Secretary of Transportation. As a result, Lesco is exempt from the FLSA overtime pay requirements under § 13(b)(1).

## IV. CONCLUSION AND ORDER

The uncontroverted evidence establishes that Lesco is a motor carrier over whose employees the Secretary of Transportation has and exercises jurisdiction. As a result, Plaintiff falls within the § 13(b)(1) exemption for employees of motor carriers whose transportation of property by motor vehicle is subject to the Motor Carrier Act. Because the § 13(b)(1) exemption applies, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] is **GRANTED**. It is further

---

[2] Plaintiff concedes that he was required to keep records of his time, but states that it was required by Lesco, not by the DOT. *See* Plaintiff's Affidavit, Exh. 1 to Surreply [Doc. # 32], ¶ 5. The uncontroverted evidence establishes, however, that Lesco required the drivers to maintain drivers' logs to comply with the requirements of "Federal Motor Carrier Safety Regulations as prescribed by the U.S. Department of Transportation Federal Motor Carrier Safety Administration." *See* Affidavit of Rich Bridgmen, Exh. 1 to Defendant's Memorandum in Support of Motion for Summary Judgment [Doc. # 27], ¶ 5.

Case 4:06-cv-03297 Document 40 Filed in TXSD on 06/05/07 Page 7 of 7

**ORDERED** that Plaintiff's Motion for Notice to Potential Class Members [Doc. # 20] is **DENIED AS MOOT**.

The Court will issue a separate final order.

SIGNED at Houston, Texas, this 5th day of **June, 2007**.

Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2006\3297MSJ.wpd   070605.1550                 7